# UNITED STATES DISTRCIT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN GROS, | * | |
| | * | CIVIL ACTION NO. 12-2184 |
| Plaintiff, | * | |
| | * | SECTION J (3) |
| v. | * | |
| | * | JUDGE BARBIER |
| WARREN PROPERTIES, INC., YORK RISK | * | |
| SERVICES GROUP, INC., and DEBORAH | * | MAGISTRATE KNOWLES |
| BODINE, | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * | * | |

## OPPOSITION TO MOTION TO REMAND

Defendant WARREN PROPERTIES, INC ("Warren") submits this opposition to Plaintiff Sean Gros' ("Plaintiff" or "Gros") Motion to Remand.  (Rec. Doc. 9)  The non-diverse defendant, Deborah Bodine ("Bodine"), was improperly joined and both the factual and legal basis for remand set forth in Plaintiff's motion is without merit.  This Court has diversity jurisdiction and Plaintiff's Motion to Remand should therefore be denied. [1]

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff filed this suit against Warren and York Risk Services Group, Inc. ("York")[2] on or about July 23, 2012, in the 22nd Judicial District for the Parish of St. Tammany, State of Louisiana.  Plaintiff brought in his Complaint claims against Warren and York for negligence and strict liability, which allegedly arose from Plaintiff's alleged fall down a stairwell.  *See* Rec Doc. 1.  Particularly, Plaintiff claims that he was walking down the common-area stairwell of a building, in which he was renting a unit under a lease agreement administered by Warren,

---

[1] Plaintiff does not dispute that the amount in controversy is greater than $75,000, sufficient to establish diversity jurisdiction.
[2] While York is diverse, Plaintiff cannot state a cause of action against it either.  York is the third-party claims administrator for Warren and not its insurer as alleged by Plaintiff.

located at 1750 Harbor Drive in Slidell, Louisiana, St. Tammany Parish and fell when the power and lighting in the stairway suddenly went out and the emergency lighting did not instantaneously come on. Complaint, ¶ 3 and 4. Plaintiff asserts that there was "an inherent vice or defect in the lighting system" or lack of maintenance by the Defendants that caused the lights to fail. Complaint, ¶ 4. Additionally, Plaintiff brings claims against defendant, Bodine, who he seeks to hold liable as an employee of Warren for both negligence and strict liability as a result of her alleged responsibility over or custody of the alleged faulty stairwell lighting. To date, Bodine has not been served nor has Plaintiff attempted service on her.

In his motion to remand, Plaintiff seems to claim that because he made allegations of negligence and strict liability against Bodine and that she is employed by Warren, that alone is sufficient to entitle him to remand. However, fatal to Plaintiff's motion is that Bodine had no responsibility for or duty to maintain the stairwells or their lighting. While Bodine is employed by Warren and has been since January 8, 1996, (*See* Declaration of Deborah Bodine, attached hereto as Exhibit A, ¶ 1), she was and is the Leased Unit Manager. *Id.*, ¶ 2. Her responsibilities as Leased Unit Manager are to lease units managed by Warren and to maintain the interior of those units. *Id.* She is also responsible for maintaining the interior of the unoccupied units managed by Warren that are attempting to be sold in the complex. *Id.* More significant here, her employment for Warren did not at the time of this alleged incident and does not include any responsibility for, authority over, or custody of the alleged faulty lighting in the stairwell where Sean Gros allegedly fell. *Id.*, ¶ 5. She did not at the time of the alleged accident and does not now have any responsibility for or duty as an employee of Warren to maintain, inspect, repair or remedy any problems or issues with the common elements of the condominium property, including the lights in the stairwell where the accident allegedly occurred. *Id.*, ¶ 6. At the time

of this incident, she did not have any duty to fix or maintain the stairwell or lighting where this incident allegedly occurred nor did she assume their upkeep as part of her employment for Warren. *Id.*, ¶ 7. She never personally performed any maintenance nor did she direct others in maintaining the stairwells and stairwell lighting at the time of this alleged accident. *Id.*, ¶ 8. Her responsibility as an employee of Warren was and is to lease and/or maintain the inside or interior of the units that were managed by Warren as a private condominium owner that were either leased or for sale. *Id.*, ¶ 9. At the time of this incident and currently, she had no responsibility or authority outside those units nor did she have any responsibility for any management function of the common elements of the condominium property on behalf of the condominium association, including the stairwells or stairwell lighting. *Id.*, ¶ 10 and 11. Finally, at the time of the incident, she was not aware of any problem or defect with the lighting in the stairwell at issue here. *Id.*, ¶ 12. She also did not sign the lease entered into between Plaintiff and Warren. *Id.*, ¶ 4.

Plaintiff cannot merely name any non-diverse employee of Warren to destroy diversity and claim vicarious liability. That employee must have had some duty or responsibility to Plaintiff or some role in causing the alleged accident. Bodine has neither. Plaintiff cannot simply claim that because he alleged it in his Complaint it is true in the face of specific contrary evidence that establishes that the factual and legal allegations he makes are incorrect and that he has no reasonable basis for recovery against Bodine.

Thus, this Court has jurisdiction over this matter under 28 U.S.C § 1332, diversity of citizenship, because (1) there is complete diversity between Plaintiff and the diverse Defendants, Warren and York, and the domestic defendant, Bodine, is improperly joined; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, Plaintiff's Motion to Remand should be denied.

II.     **LAW AND ARGUMENT**

**A. Complete Diversity Exists between Plaintiff and Properly Joined Defendants**

Among the properly joined defendants, there is complete diversity.  Bodine, the only non-diverse defendant, has been improperly joined.  *See, e.g. Burden v. General Dynamics Corp.*, 60 F. 3d 213, 217 (5th Cir. 1995).  When the citizenship of Bodine is disregarded, complete diversity exists.

**1.  The Standard for Improper Joinder**

The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by naming non-diverse defendants.  Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Jesuit Bend Properties, L.L.C. v. Landmark Ins. Co.*, No. 06-11367, 2007 WL 1098896, at *1 (E.D. La., April 12, 2007), citing *Smallwood v. Ill. Cent. R.R.*, 385 F. 3d 568, 573 (5ᵗʰ Cir. 2004) (en banc).  In the absence of an allegation of fraud, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."  *Id.*  In other words, the inquiry is whether there "is…[a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant."  *Smallwood*, 385 F. 3d at 573.  Furthermore, "[a] mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder."  *Id.*

Further, the Fifth Circuit improper joinder standard does not require a removing party to demonstrate that there is absolutely no possibility that the plaintiff will ever establish a cause of action against the in-state defendants.  Rather, the Fifth Circuit improper joinder standard is one of reasonableness:

> Plaintiffs appear to argue that *any mere theoretical possibility* of recovery under local law -- no matter how remote or fanciful -- suffices to preclude removal.  We reject this contention.  As the cited authorities reflect, there must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.

*Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

The determination of a viable cause of action can occur in two ways.  First, the court can look at the plaintiff's petition and conduct a Rule 12(b)(6) - type analysis, without looking at outside evidence, to determine whether the petition states a state law cause of action against the non-diverse defendant.  *Smallwood*, 385 F.3d at 573.

Even assuming the plaintiff's petition states a valid or reasonably arguable cause of action against the non-diverse defendant under the Rule 12(b)(6) type analysis, the removing party can use summary judgment type evidence to establish that plaintiff is unable to prove all the facts necessary to establish that cause of action or prevail.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

The court may pierce the pleadings and consider summary judgment-type evidence in an attempt to determine improper joinder and, when the court reviews the facts supporting improper joinder in a summary judgment type manner,[3] the plaintiff's mere assertion of doubt as to the material facts is insufficient to create an issue if there is no basis for it.  Although courts are to

---

[3]     *See  Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (summary judgment inquiry is appropriate to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendants); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) ("In support of their removal petition, the defendants may submit affidavits and deposition transcript"); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) ("Our decisions subsequent to *B., Inc.* have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim."); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (court can consider summary judgment-type evidence); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (fraudulent joinder claims can be resolved by "piercing the pleadings" and considering summary judgment-type evidence); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993) (upholding district court's consideration of affidavits and depositions); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) ("court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties"); *Carriere*, 893 F.2d at 100 (trial court properly considered affidavits and depositions).

"resolve factual controversies in favor of the [non-removing] party" when considering a motion to remand, this is the case only "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  [Courts] do not, however, in the absence of any proof, assume that the [non-removing] party could or would prove the necessary facts." *Badon*, 224 F.3d at 393  (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Here, a review of the allegations of the Complaint directed towards Bodine using a Rule 12(b)(6) -type analysis shows that Plaintiff has failed to state a cause of action.  In addition, using the summary judgment-type evidence supplied by Warren in the form of Bodine's declaration attached hereto, it is clear that Plaintiff has no cause of action and cannot reasonably expect to recover against Bodine under Louisiana law.  Therefore, the motion to remand must be denied.

### a. Plaintiff is unable to establish that he has a possibility of recovery against Bodine for negligence.

Plaintiff has named Bodine as a defendant to this suit on the grounds that as a "resident manager and employee" of Warren, Warren is vicariously liable for her actions.  Complaint ¶ 1A.  Plaintiff asserts that she "managed" and had "custody or constructive custody" of the lights located in the stairwell; furthermore, Plaintiff avers that Bodine was negligent because she had a "duty to inspect, maintain, discover, and remedy or repair hidden defects in the property, as well as apparent the [sic] vices and defects complained of herein."  Complaint ¶ 1A.

The basis of negligence liability in Louisiana is found in Louisiana Civil Code article 2315, which states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  To determine who is at fault, for purposes of this article, the Supreme Court of Louisiana has employed a "duty-risk" analysis:

> To establish liability for negligence, a plaintiff must prove each of the following: "(1) given the relationship and circumstances of the parties, does the law impose upon the defendant a duty of reasonable conduct for the benefit of the plaintiff, the violation of which is considered to be fault? (2) If the defendant owed such a duty, did his conduct fall short of the standard and come within the scope set by law? (3) Did the defendant's negligence in fact cause damage to the plaintiff ('cause in fact')? (4) Should any of the damage to the plaintiff be ascribed in law to the defendant, and, if so, should the defendant be held liable for every kind of damage done to each of plaintiff's interests ('legal cause')?"

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 838 F. Supp. 2d 497 (E.D. La. 2012), citing *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1155 (La. 1988). Thus, the initial inquiry in a negligence analysis is whether the defendant owed the plaintiff a duty. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006).

The most relevant inquiry in this case is whether Bodine was "under a duty to protect each of the plaintiff's interests affected against the type of damage that did in fact occur." *Pitre*, 530 So. 2d at 1155. *See also McLachlan v. New York Life Ins. Co.*, 488 F. 3d 624, 627 (5th Cir. 2007)("Under Louisiana law, the existence of a duty, and the corollary issue whether the duty extends to protect a particular plaintiff from a particular harm, are questions of law usually determined together, case-by-case.").

Bodine did not have a duty to protect this particular plaintiff from falling down the stairwell because of lights momentarily turning off and the emergency lighting not instantaneously coming on. Her duties as leased unit manager did not extend to anything other than the inside or interior of the actual leased units themselves; she was responsible for maintaining the inside or interior of the leased units, thus she could not have had a duty to prevent this specific type of injury because it took place in an area outside her scope of responsibility and authority. Exhibit A, ¶ 5. As an employee of Warren, she did not have the duty to maintain, inspect, repair, or remedy any problems or issues with the common elements of

the condominium property, including the lights in the stairwell where the alleged incident took place. *Id.*, ¶ 6. She had no responsibility for maintenance of the stairwell light and at the time of this incident knew of no problem or defect with the stairwell lighting. *Id.*, ¶ 7. Furthermore, Bodine has not assumed any responsibility for the general upkeep of the stairwell lighting. *Id.* In short, Bodine had no authority, duty or control of or over the stairwell lighting and therefore cannot be liable to Plaintiff under any negligence theory.

Louisiana courts have also considered policy factors when faced with the decision whether to impose a duty in a particular case. Among these factors are

> [W]hether the imposition of a duty would result in an unmanageable flow of litigation; **the ease of association between the plaintiff's harm and the defendant's conduct**; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant's activity; moral considerations, particularly victim fault, and precedent as well as the direction in which society and its institutions are evolving.

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 838 F. Supp. 2d 497 (E.D. La. 2012), citing *Meany v. Meany*, 639 So. 2d 229, 233 (La. 1994)(emphasis added). The ease of association between Plaintiff's harm, caused by stairwell lighting, and Bodine's conduct, of which there is none to speak of, is very attenuated. To determine that a leased unit manager of a condominium, who is only responsible for the actual interior of the leased units, should somehow have a duty to a Plaintiff because lights in a stairwell momentarily ceased to work would lead to problematic results; namely, it would set precedent for allowing a plaintiff to impute to any manager, regardless of the limited scope of that manager's responsibilities, a duty to protect against *any* harm suffered on the property in question. This extends the scope of negligence liability too far. In conclusion as to the issue of Bodine's negligence, she did not owe a duty to this Plaintiff to protect against the particular harm he suffered. Joinder on grounds of negligence is improper because Plaintiff stands no chance of recovery against Bodine for negligence.

### b. Plaintiff is unable to establish that he has a cause of action against Bodine for strict liability.

Plaintiff alleged in his Petition that Bodine is strictly liable for his damages because she assumed the property's upkeep but failed to keep it in good repair…" Complaint ¶ 6.  Plaintiff makes references to Louisiana Civil Code articles 2317 and 2317.1 and alleges that Bodine is liable under these articles for the "existence of vices and defects in the lighting provided for the stairwell" that allegedly caused damage to Plaintiff.  *Id.*

To recover under Louisiana Civil Code art. 2317, "a plaintiff must prove that he was injured by a thing, the thing was in the defendant's custody, there was a vice or defect creating an unreasonable risk of harm in the thing, and the injured person's damage arose from such a defect."  *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 838 F. Supp. 2d 497, 511 (E.D. La. 2012), citing *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1363 (La. 1992).  As in this case, the issue often turns on whether the thing was in the defendant's custody.  Custody, also referred to as garde, "is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing harm to others."  *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 838 F. Supp. 2d 497, 511 (E.D. La. 2012), citing *Doughty v. Insured Lloyds Insurance Co.*, 576 So. 2d 461, 464 (La. 1991).  In many cases, ownership alone is sufficient to establish garde; however, this presumption is rebuttable and "non-owners can be found to have garde under certain circumstances."  *In re FEMA*, 838 F. Supp. at 511.

Louisiana has established a two-part test to determine whether a thing is in a person's custody.  The court looks to: "(1) whether the person bears such a relationship as to have a right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing."  *In re FEMA*, 838 F. Supp. 2d. at 511, citing *Dupree v. City of New Orleans*, 765

So. 2d 1002, 1009 (La. 2000); *see also Giorgio v. Alliance Operating Corp.*, 921 So. 2d 58, 73 (La. 2006). In applying this test to determine whether Bodine had custody of the stairwell (and lights), under the first element, she did not have the right of direction and control over the stairwell because she was not the manager of the common area, where the stairwells are located. Exhibit A, ¶ 6. In determining whether a party has direction and control of a thing, courts consider a variety of factors, including "whether the party has the right to use, alienate, encumber, or lease the thing, or otherwise grant a right of use to others, whether the party has the right to authorize alterations or repairs to the thing, and whether the party has an unfettered right to access the thing at will, versus only a limited access to enter." *In re FEMA*, 838 F. Supp. 2d. at 512. *See Bethea v. Great Atlantic & Pacific Tea Co.*, 22 So.3d 1114, 1116 (La. Ct. App. 4th Cir. 2009).

Bodine does not have the right to alienate, encumber, or lease the building, and hence the stairwells because she does not own the building, nor does she have the authority to do so as a non-owner. She does not have the authority or power to grant a right of use to others. As leased unit manager, her duties are very limited and she has no responsibility and authority over anything or any task, other than the interior of the leased units; thus she does not have the right to authorize alterations or repairs to anything extending outside the interiors of the units. *Id.*, ¶ 5-11. While she may have full access to the stairwells, all residents, employees, and occupants have that same access because it is a common area of the condominium. Furthermore, Bodine derives no distinct benefit from the stairwell, the lights, or the condominium building itself. Bodine was not even the signatory on Plaintiff's lease as the representative of Warren. *Id.*, ¶ 4. Because Bodine does not have custody of the stairwells of the lights, she is not liable under Louisiana Civil Code articles 2317 and 2317.1 for an alleged failure to maintain the stairwell and lights.

As such, Plaintiff has not established that he stands a possibility of recovery from her under a strict liability theory, and joinder on these grounds is improper.

### c. Plaintiff is unable to establish that he has a cause of action against Bodine under the theory of vicarious liability.

Plaintiff presents the theory of respondeat superior in his Complaint, and alleges that Warren is liable for Bodine's alleged negligent acts.   Under Louisiana law, an employee can be held individually liable, in certain circumstances, for damages to a third person.  *Savoy v. Swift Energy Operating Co.*, No. 12-167, 2012 WL 2343169, at * 4 (E.D. La. June 20, 2012), citing *Ford v. Elsbury*, 32 F. 3d 931, 935 (5th Cir. 1994; citing *Canter v. Koehring*, 283 So. 2d 716, 721 (La. 1973).  Liability will be imposed on an employee-defendant if the plaintiff establishes four conditions:

1. The principal or employer owes a duty of care to the third person…breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant, officer, agent, or employee has breached this duty through personal (**as contrasted with technical or vicarious**) fault.

4. **With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.**

*Id.*; *citing Canter*, 283 So. 2d at 271 (emphasis added).

Plaintiff cites *Canter* in his Motion to Remand, and alleges, without factual support, that Bodine, as the leased unit manager, is personally involved with maintenance and directed tasks of maintenance.  As has been previously stated, Bodine is responsible for the interiors of the leased units.  Her duties, tasks, and responsibilities do not extend outside the interiors of the

leased units.  Exhibit A, ¶ 10 and 11.  Furthermore, with respect to the elements set out above, Bodine does not and did not have a duty to Plaintiff to prevent against the type of injury he sustained.  The duty to maintain stairwell lighting was not a duty she had, nor was this duty delegated to her by Warren.  Additionally, even if Bodine had this duty, which she does not, it would have been breached through vicarious fault, and not personal fault, because Plaintiff is seeking to hold her liable as an employee of Warren.  Lastly, personal liability cannot be imposed on Bodine simply because she has administrative responsibility for the interiors of the leased units.  Plaintiff's conclusory, and incorrect, allegation that Bodine, as leased manager, is personally involved with maintenance of the common areas of the units is incorrect.  Plaintiff is unable to establish a cause of action against Bodine under the doctrine of respondeat superior because: (1) she did not have a personal duty to Plaintiff to prevent the type of harm he suffered; she had no authority over maintenance of the lighting in the stairwell; (2) Warren never delegated this duty, or any similar type of duty to her; (3) because there is no duty, and even assuming for purposes of this argument that a duty did exist, Bodine would have breached it through vicarious fault, not personal fault; and (4) Bodine cannot be held liable for Plaintiff's injuries simply because she manages the interior of the leased units; Plaintiff's injuries took place in the stairwell, an area that is outside her scope of authority and responsibility. *Id.*, ¶ 5.

## B.  Conclusion

Complete diversity exists in this case under 28 U.S.C. § 1332.  Bodine was improperly joined and Plaintiff has no reasonable basis of recovery against her for negligence, strict liability or any type of personal liability.  Bodine's presence in the suit is to be ignored for the diversity requirement.  As a result, this Court has diversity jurisdiction and Plaintiff's motion to remand should be denied.

Respectfully submitted,

/s/Peter J. Rotolo, III
Peter J. Rotolo, III (#21848)
G. Wogan Bernard (#30394)
Kurt Duncan (#29842)
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000
ATTORNEYS FOR WARREN PROPERTIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

/s/Peter J. Rotolo, III