UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SEAN GROS                                          CIVIL ACTION

VERSUS                                             NO: 12-2184

WARREN PROPERTIES, INC., YORK                      SECTION: "J"(3)
RISK SERVICES GROUP, INC., and
DEBORAH BODINE

### ORDER

Before the Court is Plaintiff's Rule 54(b) motion seeking entry of a final judgment as to this Court's November 26, 2012 order denying Plaintiff's motion to remand and dismissing Plaintiff's claims against Deborah Bodine ("Bodine"). **(Rec. Doc. 29)** Defendant, Warren Properties, Inc. ("Warren"), opposes Plaintiff's motion. (Rec. Doc. 33) The motion was set for hearing on Wednesday, January 2, 2013, on the briefs. Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED**.

On November 26, 2012, the Court issued an order (Rec. Doc. 27) denying Plaintiff's motion to remand and dismissing Plaintiff's claims against the only non-diverse defendant, Bodine, on the grounds that Plaintiff improperly joined her as a Defendant for the

sole purpose of defeating diversity jurisdiction. In the instant motion, Plaintiff requests that the Court designate its November 26, 2012 order dismissing Plaintiff's claims against Bodine as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Court finds that Plaintiff has not established that there is no just reason for delay. Moreover, entering final judgment on the November 26, 2012 order would lead to unnecessary piecemeal appellate review of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 54(b) Motion for Entry of Final Judgment **(Rec. Doc. 29)** is **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE