UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION

SEAN GROS

VERSUS                                          NO: 12-2184

WARREN PROPERTIES, INC., YORK          SECTION: "J"(3)
RISK SERVICES GROUP, INC., and
DEBORAH BODINE

## ORDER AND REASONS

Before the Court is Plaintiff's Rule 59(e) Motion to Alter or Amend the Court's November 26, 2012 order denying Plaintiff's motion to remand and dismissing Plaintiff's claims against Deborah Bodine ("Bodine"). **(Rec. Doc. 30)** Defendant, Warren Properties, Inc. ("Warren"), opposes Plaintiff's motion. (Rec. Doc. 34) The motion was set for hearing on Wednesday, January 2, 2013, on the briefs. Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED.**

On July 25, 2012, Sean Gros ("Plaintiff") filed a personal injury suit in the 22nd Judicial District Court for the Parish of St. Tammany. (Pl.'s Pet. ¶ 1, Rec. Doc. 1-1)  Plaintiff alleges that on or about July 23, 2011, he occupied a unit in a Slidell condominium building, the Anchorage Condominiums, as a tenant under a lease agreement administered by Warren Properties, Inc. ("Warren"). (Pl.'s Pet. ¶ 3, Rec. Doc. 1-1) He further alleges that on or about July 23, 2011, he was descending a common stairway

in a stair tower located within, and forming a part of, the condominium building, when the stair tower lights suddenly went off and the emergency back-up lights simultaneously failed to come on, causing the plaintiff to lose his balance, fall to the floor, and slide down the stairs on his back and rear side. (Pl.'s Pet. ¶ 3-4, Rec. Doc. 1-1) Plaintiff alleges that he sustained serious personal injuries to his finger, back muscles, and spine as a result of his fall and the resultant slide down the stairs. (Pl.'s Pet. ¶¶ 4, 7, Rec. Doc. 1-1)

In his petition, Plaintiff named Warren, York, and Deborah Bodine ("Bodine") as Defendants.[1] (Pl.'s Pet. ¶ 1, Rec. Doc. 1-1) Plaintiff asserted claims for negligence and strict liability against Warren, the alleged owner, operator, manager, and/or custodian of "a group of residential condominium units," who administered Plaintiff's lease of a condominium unit in the building, and Bodine, who Warren allegedly employed as the property custodian, resident manager, supervisory employee and/or landlord of the condominium units and common building areas where Plaintiff allegedly suffered injuries.

On August 31, 2012, Defendants, Warren and York, removed the action pursuant to 28 U.S.C. §§ 1332 and 1446 asserting that this

---

[1] Plaintiff also originally named York Risk Services Group ("York") as a Defendant. However, on November 7, 2012, the Court granted the parties' joint motion to dismiss Plaintiff's claims against York without prejudice on the grounds that Plaintiff erroneously named York as an insurance carrier when York was in fact only a third party administrator.  (Rec. Docs. 22, 25)

Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, diversity of citizenship. (Rec. Doc. 1) In the Notice of Removal, Defendants asserted that Bodine, the only non-diverse defendant, was improperly joined for the sole purpose of destroying federal jurisdiction, and that the Court could thus disregard Bodine's citizenship for diversity purposes. (Rec. Doc. 1, p. 3) On September 19, 2012, Plaintiff filed a motion to remand the action to state court (Rec. Doc. 9), which Warren opposed. (Rec. Doc. 17) On November 26, 2012, the Court issued an order (Rec. Doc. 27) denying Plaintiff's motion to remand and dismissing Plaintiff's claims against the sole non-diverse defendant, Bodine, on the grounds that she had been improperly joined for the purpose of defeating diversity jurisdiction. On December 6, 2012, Plaintiff, filed an opposed Rule 54(b) motion, requesting that the Court enter final judgment on its November 26, 2012 order so that he could take an immediate appeal. The Court denied Plaintiff's Rule 54(b) motion on August 13, 2013. On December 6, 2012, Plaintiff also filed the instant Rule 59(e) Motion seeking to alter or amend the Court's November 26, 2012 order denying his motion to remand and dismissing his claims against Bodine. On December 21, 2012, Warren filed its opposition.

## DISCUSSION

Plaintiff has properly and timely filed his motion for reconsideration as a Rule 59(e) motion to alter or amend. Given

that (a) the November 26, 2012 order adjudicated fewer than all of Plaintiff's claims, and (b) the Court denied Plaintiff's motion for entry of final judgment on that order, the order is an interlocutory order that may be revised at any time before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). Although the Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders, St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997), the Court has the inherent power to modify its interlocutory orders, and this Court has previously recognized that such motions are properly governed by the standards of Rule 59(e). Karr v. Brice Bldg. Co., Inc., No. 08-1984, 2009 WL 1458043, at *2 (E.D. La. 2009).

However, a court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. See Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999); Bardwell v. George G. Sharp, Inc., 1995 WL 517120, at *1 (E.D. La. Aug.30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"

<u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005) (quoting <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." <u>T-M Vacuum Products, Inc.</u>, 2008 WL 2785636, at *2, aff'd, 336 F. App'x 441 (5th Cir. 2009). Moreover, Rule 59(e) motions should not be used to argue a case under a new legal theory or raise new arguments. <u>Simon v. United states</u>, 891 F.2d 1154, 1159 (5th Cir. 1990); <u>Danos v. Union Carbide Corp.</u>, No. 11-2491, 2012 WL 5877951, at *2 (E.D. La. Nov. 20, 2012).

Plaintiff explicitly requests that the Court (a) reverse its order denying his motion to remand and dismissing his claims against Bodine and (b) remand the case to state court. Plaintiff's motion is an attempt: (a) to re-litigate the sufficiency of his pleadings with respect to Bodine, (b) to re-direct the Court's attention to the same affidavits and declarations that were attached to the parties' briefing on the motion for remand, and (c) to urge new legal arguments and theories in support of his original motion to remand.

Neither Plaintiff's series of rhetorical questions about the sufficiency of the allegations in his petition nor his assertion that there are substantial grounds for difference of opinion as to (a) whether his complaint was conclusory and (b) what the effects

of conclusory allegations should be, establishes a manifest error of law or fact, which is the appropriate standard on this motion for reconsideration. Plaintiff's argument that his complaint described the material facts and transactions that are the subject matter of the litigation in detail sufficient to satisfy the requirements of the Louisiana Code of Civil Procedure — as opposed to Rule 8 of the Federal Rules of Civil Procedure — is a new legal argument in support of his original motion to remand that is not properly considered on a Rule 59(e) motion for reconsideration. Simon, 891 F.2d at 1159. Moreover, Plaintiff has attempted to rehash his arguments regarding the propriety of remand and Bodine's duties by referring to the same declarations and cases that he relied on in his original motion to remand. The Court agrees with Warren that this is precisely what is not allowed on a Rule 59(e) motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend **(Rec. Doc. 30)** is **DENIED.**

New Orleans, Louisiana, this 13th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE