## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SEAN GROS**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 12-2184**

**WARREN PROPERTIES, INC., ET AL.**                              **SECTION "J" (3)**

### ORDER

On January 16, 2013, the Motion to Amend and Supplement Pleadings [Doc. #36] came on for oral hearing before the undersigned.  Present were William Whatley on behalf of plaintiff and Peter Rotolo on behalf of defendant Warren Properties, L.L.C.  ("Warren").  After the oral hearing, the Court took the motion under advisement.  Having reviewed the motion, the opposition and the case law, the Court rules as follows.

**I.      Background**

The complaint alleges as follows.  Plaintiff rents a unit at a condominium development at 1750 Harbor Drive, Slidell, Louisiana under a lease administered by defendant.  Plaintiff fell down a stairwell at the development when the lighting went out as he descended the stairs. Plaintiff contends that there was an alleged vice or defect in the lighting system, or, in the alternative, that defendant failed to maintain it.

Plaintiff sued defendant in state court.  On August 31, 2012, defendant removed the lawsuit

to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Defendant argued that plaintiff had improperly joined Deborah Bodine, the resident manager, as a party to defeat diversity jurisdiction.  Plaintiff moved to remand, but the District Court agreed with defendant and held that plaintiff failed to state a claim against Bodine and dismissed Bodine as a party.  A motion to dismiss by Warren is pending before the District Court, and both parties admit that if the District Court grants the motion, prescription has run against all parties, including those that plaintiff seeks to add.

## II.     The Parties' Contentions

### A.     Plaintiff

Plaintiff seeks to amend his complaint to add Anchorage Investments, Ltd., the actual owner of the building, The Anchorage Association, Inc., the Lexington Insurance Company, and Deborah Bodine, the resident manager.

Plaintiff argues that there are exceptions to the rule of prescription.  Specifically, plaintiff contends that if the District Court does not dismiss Warren, the parties are joint tortfeasors and thus timely sued.  Plaintiff contends that all of the defendants are basically one business operating under different names.

Plaintiff argues that Rule 15 applies here, and leave should be freely granted.  Plaintiff maintains that all causes of action arose out of the same transaction or occurrence and are thus timely.

With regard to Bodine, plaintiff contends that he has alleged sufficient factual allegations in the amended complaint notwithstanding the District Court's earlier order.

### B.     Defendant

Defendant contends that the amendment is futile.  It maintains that plaintiff asserts the same,

basic allegations against all of the new parties that he alleged in his original complaint.  Defendant notes that the District Court already found that plaintiff's complaint is "fraught with redundancy and the type of conclusory allegations and legal conclusions that the Court is not bound to accept." Defendant notes that the District Court has already held that the factual allegations fail to state a claim against Warren for negligence of Article 2317 liability.  Defendant contends that plaintiff simply seeks to substitute names of defendants in the hope that the allegations are now sufficient.

Defendant notes that Bodine is no longer a party to this case, and all of the claims against her have been dismissed.  It maintains that plaintiff does no more than assert the same allegations against her as he did in his original complaint.  Defendant argues that judicial efficiency and effective case management argue against granting the motion to compel.

Lastly, defendant notes that should the District Court grant the current, pending motion to dismiss, prescription will not have been interrupted as to all of the new defendants.

### C.      Plaintiff's Reply

Plaintiff maintains that he can not find an analogous case in which a court has held that with regard to a defect pleaded, a plaintiff must plead allegations that describe the exact defect.  Plaintiff also maintains that the negligence that he has pleaded – that Warren and Bodine, as the resident manager, allowed the danger to persist through inadequate and unqualified maintenance until it caused plaintiff's accident – is adequate to plead a cause of action here.

Plaintiff argues that the parties sought to be added by the proposed amendment knew or should have known that Warren had received notice of the claim.  Plaintiff contends that Bodine accepted the accident report and York Risk Services Group received a written communication from plaintiff.  Plaintiff thus argues that such parties can not argue prejudice due to late notice.

Plaintiff maintains that he was completely unaware of the existence of Anchorage Association, Inc.  Plaintiff dealt with Warren while he lived at the property.  Plaintiff contends that Warren and Bodine – having notice of plaintiff's accident – should have informed plaintiff of the identity of the proper parties.

Plaintiff argues that the proposed amendment satisfies the pleading standard announced in *Aschroft v. Iqbal*, 556 U.S. 662 (2009), despite the language in the District Court's opinion dismissing his claims against Bodine.   Plaintiff also notes that the District Court did not dismiss Bodine with prejudice.

## III.    Law and Analysis

Because no scheduling order yet exists in this suit, Federal Rule of Civil Procedure 15 applies to plaintiff's motion. Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  Rule 15(a) evinces a bias in favor of granting leave to amend, absent substantial reason for denying leave.  *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

In deciding whether to grant leave to file an amended pleading, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and the futility of amendment.  *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that granting "leave to amend is by no means automatic"); *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1150 (5th Cir. 1990)).

4

On the record before it, the Court finds no evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of amendment. Neither can the Court say at this time that the majority of the amendments are futile. Despite the language in the District Court's order by which is describes plaintiff's original petition, the District Court has not dismissed any of the claims against any defendant apart from Bodine. Accordingly, plaintiff may assert such claims against the three new defendants. However, statements such as "[r]eferences in the original Petition for Damages as to Warren Properties are adopted herein with reference to Anchorage Investments LTD and Anchorage Association, Inc." do not satisfy the minimal pleading standard of *Iqbal*, especially in light of the language used by the District Court to describe the original petition. Plaintiff must describe with as much detail as he can the specific reasons for which each new defendant is allegedly liable to him.

In addition, Bodine is no longer a party to this lawsuit, and the District Court has refused to reconsider its ruling on this issue. The Court's comparison of the allegations in the original petition and in the amended complaint reveals that the new allegations do not cure the deficiencies noted by the District Court in its Order dated November 26, 2012. [Doc. #27].

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Amend and Supplement Pleadings [Doc. #36] is GRANTED with respect to Paragraphs I and V.

**IT IS FURTHER ORDERED** that the motion is GRANTED IN PART with respect to Paragraph II in that plaintiff shall supplement the allegations against the three new defendants as outlined below.

5

**IT IS FURTHER ORDERED** that the motion is DENIED IN PART with respect to Paragraphs III, IV, VI and VII (as to all references to Deborah Bodine).

**IT IS FURTHER ORDERED** that plaintiff shall file **one, single amended complaint that complies with the directives of this Order no later than ten (10) days from the date of this Order**.

New Orleans, this 19th day of August, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**