```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SEAN GROS                                       CIVIL ACTION

VERSUS                                          NO: 12-2184

WARREN PROPERTIES, INC., ET AL                  SECTION: J
```

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss** based on Rule 12(b)(6) by Defendants Warren Properties and Anchorage Investments **(Rec. Doc. 56)**, along with Plaintiff's Opposition thereto **(Rec. Doc. 57)**. Defendants' motion is set for oral argument on Wednesday, September 25, 2013.

Having considered the motion, the pleadings, the briefs, and the applicable law, the Court finds, for reasons expressed more fully below, that Defendants' Motion to Dismiss should be **GRANTED** and that Plaintiff's claims against those defendants should be **DISMISSED WITH PREJUDICE.**

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff originally filed a personal injury action against Warren Properties, Inc., York Risk Services Group, Inc., and Deborah Bodine in state court. (Rec. Doc. 1). Plaintiff alleges that he fell and injured himself while descending a common stairway in his condominium building, the Anchorage Condominiums, and that the accident was caused by the failure of the stairway emergency

1

lights to illuminate. (Rec. Doc. 27, p. 2).[1] The suit was removed to this Court. (Rec. Doc. 1). The Court denied Plaintiff's Motion to Remand (Rec. Doc. 9), finding that Deborah Bodine was improperly joined. (Rec. Doc. 27). The Court dismissed Ms. Bodine from the suit and found that, after the dismissal of Ms. Bodine, there existed complete diversity between the parties such that the Court retained diversity jurisdiction over Plaintiff's claims. (Rec. Doc. 27). Warren Properties, Inc. filed a Motion to Dismiss for Failure to State a Claim. (Rec. Doc. 31), and the Court denied the motion without prejudice to allow Plaintiff to amend his complaint. (Rec. Doc. 52). Plaintiff amended his complaint and added as defendants Anchorage Investments, Ltd., Anchorage Association, Inc., and Lexington Insurance Company. (Rec. Doc. 54).[2] Warren Properties is alleged to own a group of condominium units inside Anchorage Condominiums. (Rec. Doc. 27, p. 17-18). Anchorage Investments is alleged to own the Anchorage Condominium building itself, or at least to own condominium units inside of the building. (Rec. Doc. 54, p. 3; Rec. Doc. 56-1, p. 4-5). Defendants Warren Properties and

---

[1] For a more detailed recitation of the facts in this case, *see* the Court's Order and Reasons denying the Motion to Remand. (Rec. Doc. 27, p. 1-4).

[2] This Court previously granted Plaintiff and York's joint motion to dismiss Plaintiff's claims against York without prejudice on the grounds that Plaintiff erroneously named York as an insurance carrier when York was in fact only a third party administrator. (Rec. Docs. 22& 25). Plaintiff is now alleging that Lexington Insurance Company is the insurance carrier for Warren Properties and Anchorage Association. (Rec. Doc. 54, p. 2).

2

Anchorage Investments[3] have now filed a second Motion to Dismiss (Rec. Doc. 56), and Plaintiff has opposed it. (Rec. Doc. 57).

## PARTIES' ARGUMENTS

Defendants Warren Properties and Anchorage Investments argue that in the Court's Order and Reasons denying the Motion to Remand, "[t]his Court denied Plaintiff's motion to remand finding that Plaintiff stated no cause of action against Warren's employee and found necessarily that Warren had no duty to Plaintiff." (Rec. Doc. 56-1, p. 2). Defendants further contend that Plaintiff's Amended Complaint still fails to state a cause of action against both Warren Properties and Anchorage Investments because only the condominium association (Anchorage Association, Inc.), and not the other defendants, had a duty to Plaintiff to maintain the common areas of the condominium. (Rec. Doc. 56-1, p. 2-3). Defendants argue that this Court has already stated that only the condominium association has a duty to Plaintiff. (Rec. Doc. 56-1, p. 2-3). Specifically, the Court's prior order and reasons stated:

> Plaintiff has failed to plead facts establishing that

---

[3] According to Warren Properties, Inc. and Anchorage Investments, Ltd.:

> Plaintiff has not requested a summons be issued to Anchorage Investments and has made no effort to serve it as well. However, because Anchorage Investments believes that the allegations against it are lacking, without merit and insufficient, it files this motion to dismiss to seek a dismissal with prejudice while reserving all other rights and defenses to object to the Amended Complaint, including service.

(Rec. Doc. 56, p. 1, n.1).

Bodine's employer/principal, Warren, owed Plaintiff a duty to maintain the lighting in the common stairwell of the condominium complex where Plaintiff sustained injuries. ... The Louisiana Condominium Act provides in pertinent part that "except to the extent provided by the declaration, or Section 1123.112,[4] the *association* is responsible for maintenance, repair, and replacement of the common elements, and each unit owner is responsible for maintenance, repair, and replacement of his unit." La. R.S. 1123.107. Thus, the default rule in Louisiana is that the condominium association has the duty to maintain, repair, and replace the common elements of the condominium building, not owners of groups of condominium units. Plaintiff has not alleged that Warren was charged with a duty to maintain and repair the common elements of the condominium building in the condominium declaration. *Absent any allegation that the condominium declaration delegated the duty of the condominium association* to maintain the common elements to Warren, Warren's duties under Louisiana law, as the alleged owner of a group of condominium *units*, extended only to the maintenance of

---

[4] Section 1123.112 of the Louisiana Condominium Act places limits on the condominium association's responsibility for repairing and replacing the common elements but does not shift the responsibility for maintaining the common elements from the condominium association. *See* La. R.S. § 123.107(G).

4

>    the units that Warren allegedly owned, operated, or
>    managed.

(Rec. Doc. 27, p. 17-18) (emphasis partially added).

Defendants argue that because Plaintiff's Amended Complaint fails to allege that the condominium association delegated its duty to either Warren Properties or Anchorage Investments in the condominium declaration itself, Plaintiff has failed to state a claim upon which relief can be granted against Warren Properties or Anchorage Investments. (Rec. Doc. 56-1, p. 4-5).

In Plaintiff's Amended Complaint, he alleges that the condominium association "engaged Warren Properties" to perform all duties regarding common elements through an "agreement" between the condominium association and Warren Properties. (Rec. Doc. 54, p. 3). Plaintiff also alleges that both Warren Properties and Anchorage Investments "controlled Anchorage Condominium's operations." (Rec. Doc. 54, p. 6). Defendants contend that these allegations are mere conclusory statements that are "unsupported by specific facts and unsupported in law as outlined in this Court's prior opinion on remand." (Rec. Doc. 56-1, p. 4). Defendants argue that there is no factual support for any such "arrangement" and that, even if there were, Plaintiff has never alleged that the arrangement was presented in the condominium declaration itself. For those reasons, Defendants claim that only the condominium

association, Anchorage Association, Inc., could even potentially be liable to Plaintiff.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will

6

reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

## DISCUSSION

The Court agrees with Defendants that Plaintiff's Amended Complaint contains insufficient factual allegations to raise his right to relief above the speculative level. Plaintiff has failed to provide even the smallest amount of factual support to show that any arrangement existed between either of the Defendants and the condominium association whereby they assumed the association's statutory duty to maintain and repair common elements. Even if Plaintiff had provided such support, Plaintiff has never alleged that any such arrangement was presented in the condominium declaration itself, as required by La. R.S. 1123.107. Therefore, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss **(Rec. Doc. 56)** is **GRANTED.**

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's claims against

Warren Properties, Inc. and Anchorage Investments, Ltd. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 20th day of September, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE